IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 20 2014
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| CORDELL DAVIS, ET AL., § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | NO. 4:13-CV-198-A |
| § | (consolidated with |
| CITY OF FORT WORTH, § | No. 4:13-CV-234-A) |
| § | |
| Defendant. § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Before the court for decision is the motion of defendant, City of Fort Worth, ("City") for summary judgment. After having considered such motion, the response thereto of plaintiffs, Cordell Davis, Individually, and Antoinette Turner, as next friend for J.T.T., a minor, Leslee Marie Martin, as next friend for C.T.T., a minor, Alicia De'Shon White, as next friend for T.L.T., a minor, and Patricia Thomas, as next friend for D.M.G., a minor, City's reply, the entire record in the above-captioned action, and pertinent legal authorities, the court has concluded that such motion should be granted.

I.

<u>Background, and Plaintiffs' Pleaded Claims</u>

Plaintiffs' live pleading is their first amended complaint, which was filed March 26, 2013. They named as defendants a police officer of City by the name of J. Romer ("Romer") and City

itself. Plaintiffs alleged that Romer was liable to them under 42 U.S.C. § 1983 by reason of constitutional violations allegedly committed by Romer that led to the death of Charal Thomas ("Thomas") as Thomas was fleeing in an attempt to avoid arrest. Plaintiffs' allegations against Romer and the summary judgment evidence pertinent to those allegations were described in some detail in the Memorandum Opinion and Order by which Romer's motion for summary judgment was granted, which the court adopts here by reference. See Davis v. Romer, 2013 WL 5651261 at *1-8 (N.D. Tex. Oct. 15, 2013). Plaintiffs' claim against City is that City is liable for Romer's conduct by virtue of City's policies and procedures, ratification, and failure to adequately train.

By the memorandum opinion, order, and final judgment issued in this action on October 15, 2013, the court granted Romer's motion for summary judgment, deciding, first, that Romer did not violate Thomas's constitutional rights, id. at *9-10 (there was no evidence supporting elements of an excessive force claim against Romer), and, second, that, in any event, Romer was shielded from liability to plaintiffs by reason of his qualified immunity defense, id. Whatever state law claims were asserted

against Romer likewise were dismissed. Id. at *10-11.[1] The court's judgment in favor of Romer was made final, and is now the subject of an appeal to the Fifth Circuit.

II.

City's Motion, Plaintiffs' Response, and City's Reply

A. City's Motion

Summed up, the principal ground of City's motion is that plaintiffs have not adduced any summary judgment evidence that the constitutional rights of any of the plaintiffs was violated by reason of a policy, practice, or custom of City. Subsidiary arguments are made by City, but the court does not need to devote attention to them in this opinion other than to note that City pointedly takes special issue with plaintiffs' claim that City ratified the conduct of Romer. As to any state law claims that plaintiffs might be intending to assert against City, such claims are, according to City's motion, barred by City's sovereign immunity and by the immunity City derives through Romer's official immunity. By a supplemental brief filed in support of its motion, City added reliance on section 101.106(b) of the

---

[1] Both of the theories upon which Romer's motion for summary judgment was granted seem to find support in the opinion recently issued by the Fifth Circuit in Harris v. Serpas, 745 F.3d 767 (5th Cir. 2014) (petition for cert. filed Jun. 10, 2014) (Supreme Ct. No. 13-1497)).

3

Texas Civil Practice and Remedies Code as a reason why plaintiffs cannot be successful in their state law claims against City.

B. <u>Plaintiffs' Response</u>

Apparently recognizing that the beginning point in establishing municipal liability on the part of City is to establish that plaintiffs suffered a constitutional violation by reason of Romer's conduct, plaintiffs devote the major part of their brief to a discussion of summary judgment evidence bearing on Romer's conduct. Plaintiffs' arguments seeking to attribute Romer's conduct to City focus on a contention that City ratified the conduct by (1) failing to take disciplinary action against the officers involved in the shooting of Thomas, (2) City's perfunctory submission of the matter to the Tarrant County grand jury for review, (3) choosing not to submit the matter to the Critical Police Incident Tactics Review Board, and (4) not attempting "to seriously review or prosecute its officers for wrongful conduct." Resp. at 17.

The court is not altogether certain as to what plaintiffs are contending relative to whatever state law claims they might be asserting against City. Plaintiffs make the following statement under the heading in their response "<u>State Law claims are valid</u>":

> [T]his suit is not brought under the Texas Tort Claims Act, instead, this action is brought under 42 U.S.C.

4

> § 1983. Second, § 101.003 of the Tort Claims Act
> specifically states that "the remedies it authorizes
> are in addition to any other legal remedies." Clearly,
> a claim under § 1983 is a legal remedy outside the
> Texas Tort Claims Act.

Id. at 18. Following the language quoted above, plaintiffs made arguments in their response that suggest that plaintiffs are disclaiming assertion of any state law claims against City, but are contending that all their claims against City are brought under 18 U.S.C. § 1983.

C. City's Reply

Essentially, City takes the position in its short reply that plaintiffs have failed to adduce any summary judgment evidence to substantiate plaintiffs' allegation of ratification. As to state law claims, City notes that plaintiffs have abandoned whatever state law claims plaintiffs might have purported to assert in its complaint against City.

III.

Analysis

The basic principal of municipal liability upon which City relies was articulated in Monell v. New York City Dep't of Soc. Servs., as follows:

> [A] local government may not be sued under § 1983 for
> an injury inflicted solely by its employees or agents.
> Instead, it is when execution of a government's policy
> or custom, whether made by its lawmakers or by those
> whose edicts or acts may fairly be said to represent

official policy, inflicts the injury that the government as an entity is responsible under § 1983.

436 U.S. 658, 694 (1978).

The starting point in evaluating whether there is municipal liability is a determination of whether the complaining parties have suffered a violation of their constitutional rights; otherwise, there is no occasion to decide whether the execution of a government's policy or custom led to the event at issue for, as stated in <u>City of Los Angeles v. Heller</u>, "[i]f a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have <u>authorized</u> the use of constitutionally excessive force is quite beside the point." 475 U.S. 796, 799 (1986).

Even if a constitutional violation has been established, for municipal liability to exist for the violation there must be a "direct causal link between the municipal policy or custom and the alleged constitutional deprivation." <u>Canton v. Harris</u>, 489 U.S. 378, 385 (1989). If the complainants' claim is inadequacy of police training, such a claim "may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the

6

police come into contact." Id. at 388. The Supreme Court went on to explain in Canton that:

> Only where a municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under § 1983.

Id. at 389.

For the reasons discussed in the memorandum opinion granting Romer's motion for summary judgment, the summary judgment record does not establish that a constitutional violation occurred. Davis v. Romer, 2013 WL 5651261 at * 1-8. There is no summary judgment evidence from which the court could find that Romer's actions were "grossly disproportionate to the need for action under the circumstances" or inspired by malice, both of which are essential elements of an excessive force claim. See Fraire v. City of Arlington, 957 F.2d 1268, 1274 (5th Cir. 1992).

As plaintiffs did in response to Romer's motion for summary judgment, their emphasis in City's motion for summary judgment is on summary judgment evidence pertaining to the conduct of Romer at points in time before Romer found himself clinging to the side Thomas's vehicle as Thomas was accelerating toward the entrance ramp to the freeway. Plaintiffs are focusing on the wrong points in time. The Fifth Circuit recently reaffirmed that "the excessive force inquiry is confined to whether the officer was in

7

danger at the moment of the threat that resulted in the officer's shooting" and that "[t]herefore, any of the officers' actions leading up to the shooting are not relevant for purposes of an excessive force inquiry in [the Fifth Circuit]." <u>Harris v. Serpas</u>, 745 F.3d 767, 772 (5th Cir. 2014)(internal quotation marks, citation, and brackets omitted)(<u>petition for cert. filed</u> Jun. 10, 2014)(Supreme Ct. No. 13-1497)).

There being no summary judgment evidence of excessive force, there can be no municipal liability against City under § 1983 under any of the theories advanced by plaintiffs. The court adds that even if the court were to assume, for the sake of discussion, an excessive force constitutional violation, there is no summary judgment evidence that such an excessive force violation was caused by any policy, custom, or practice of City or was ratified by City.

Therefore, City is entitled to summary judgment as to plaintiffs' § 1983 claims against it for each of the reasons mentioned above. Apparently plaintiffs have abandoned any state law claim they might have purported to allege against City, so City is entitled to dismissal of those claims as well.

IV.

Order

Therefore,

The court ORDERS that City's motion for summary judgment be, and is hereby, granted and that all claims and causes of action asserted in the above-captioned action by plaintiffs against City be, and are hereby, dismissed.

SIGNED June 20, 2014.

_____
JOHN McBRYDE
United States District Judge